11-5421-bk(L)
In re Bernard L. Madoff Inv. Sec., LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand thirteen.

PRESENT:   PIERRE N. LEVAL,
           REENA RAGGI,
           DEBRA ANN LIVINGSTON,
                *Circuit Judges.*

-----------------------------------------------------------------------

IN RE: BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,

-----------------------------------------------------------------------

THE LAUTENBERG FOUNDATION, JOSHUA S. LAUTENBERG, ELLEN LAUTENBERG, RETIREMENT PROGRAM FOR THE EMPLOYEES OF THE TOWN OF FAIRFIELD, RETIREMENT PROGRAM FOR THE POLICE OFFICERS AND FIREMEN OF THE TOWN OF FAIRFIELD, TOWN OF FAIRFIELD, REED ABEND, RICHARD I. STAHL,
                *Appellants*,

            v.                                          Nos. 11-5421-bk(L),
                                                              11-5428-bk(CON)

IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC,
                *Appellee.*

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:      JENNIFER A. HRADIL (Michael R. Griffinger, Jonathan S. Liss, *on the brief*), Gibbons, P.C., New York, New York, *for Appellants Lautenberg Foundation, Joshua S. Lautenberg, and Ellen Lautenberg*.

FOR APPELLANTS:      Elizabeth J. Austin, Richard C. Robinson, Michael P. Carrington, Pullman & Comley, LLC, Bridgeport, Connecticut, *for Appellants Retirement Program for the Employees of the Town of Fairfield, Retirement Program for the Police Officers and Firemen of the Town of Fairfield, and Town of Fairfield*.

Adam Mitzner, Pavia & Harcourt LLP, New York, New York, *for Appellants Reed Abend and Richard I. Stahl.*

APPEARING FOR APPELLEE:      DAVID SHEEHAN (Deborah H. Renner, Tracy L. Cole, Keith R. Murphy, Amy Vanderwal, Matthew J. Moody, Ferve Ozturk, *on the brief*), Baker & Hostetler LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*; Burton R. Lifland, *Bankruptcy Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 5, 2011, is AFFIRMED as to the preliminary injunction entered on February 15, 2011.

Appellants, plaintiffs in various federal and state actions ("Third-Party Actions") against employees of Bernard L. Madoff Investment Securities, LLC ("BLMIS") who are also relatives of Bernard Madoff (collectively, "Madoff defendants"), appeal from a district

2

court judgment affirming a bankruptcy court order in favor of BLMIS Trustee Irving H. Picard, which (1) holds the Third-Party Actions barred by the automatic stay triggered by commencement of the BLMIS liquidation under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq.; and (2) preliminarily enjoins the Third-Party Actions under 11 U.S.C. § 105(a) (the "Preliminary Injunction") to the extent they are not subject to the automatic stay.

"An appeal from a district court's review of a bankruptcy court ruling is subject to plenary review." Warex Terminals Inc. v. Halstead Energy (In re Halstead Energy Corp.), 367 F.3d 110, 113 (2d Cir. 2004). On such review, "[w]e accept [a] bankruptcy court's findings of fact unless clearly erroneous, but review its conclusions of law de novo." Id. at 114. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm in part.

We conclude that the Preliminary Injunction was a proper exercise of the equitable power afforded to the bankruptcy courts under § 105(a). Neither party, however, has identified any present interest in enforcement or vacatur of the automatic stay while the Preliminary Injunction is in place. Accordingly, we affirm the judgment of the district court with respect to the bankruptcy court's grant of injunctive relief under § 105(a), but we dismiss as moot that portion of the appeal relating to the automatic stay.

1.    Section 105(a) Injunction

The district court acted well within its discretion in granting the challenged injunction. See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d

30, 34 (2d Cir. 2010) (reviewing grant of preliminary injunction for abuse of discretion); Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d 602, 609 (2d Cir. 2007) (noting that 11 U.S.C. § 105(a) affords bankruptcy court "substantial freedom to tailor [its] orders to meet differing circumstances" (internal quotation marks omitted)).

Section 105(a) authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]." We apply § 105(a) in SIPA liquidations. See SIPA § 78fff(b) ("[A] liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3 and 5 and subchapters I and II of chapter 7 of Title 11."). While "[t]he jurisdiction of bankruptcy courts may extend more broadly" in reorganizations than in liquidations, Celotex Corp. v. Edwards, 514 U.S. 300, 310 (1995), this cautionary note does not preclude a bankruptcy court from issuing a § 105(a) injunction where warranted in a SIPA liquidation, see generally Monarch Life Ins. Co. v. Ropes & Gray, 65 F.3d 973, 984 (1st Cir. 1995) ("Section 105 grants bankruptcy courts ample power to enjoin actions excepted from the automatic stay which might interfere in the rehabilitative process, whether in a liquidation or in a reorganization case." (emphasis added; internal quotation marks omitted) (citing Collier on Bankruptcy ¶ 362.05 (15th ed. 1982))).

Section 105(a) is to be "construed liberally to enjoin suits that might impede the reorganization process"—or, as here, the process of liquidation. MacArthur Co. v. Johns-Manville Corp., 837 F.2d 89, 93 (2d Cir. 1988). Liberal construction reflects "the underlying principle of preserving the debtor's estate for the creditors and funneling claims

4

to one proceeding in the bankruptcy court." Id. at 94. We have held that § 105(a) is properly used to enjoin creditors' lawsuits against third parties where "the injunction plays an important part in the debtor's reorganization plan." SEC v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.), 960 F.2d 285, 293 (2d Cir. 1992), or where the action to be enjoined "will have an immediate adverse economic consequence for the debtor's estate," Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003).

Appellants pursue the Third-Party Actions against defendants whose every asset (or the vast majority thereof) is claimed by the Trustee as a fraudulent transfer from BLMIS. Under these circumstances, we conclude that the Preliminary Injunction serves the legitimate purpose of "preserving the debtor's estate for the creditors and funneling claims to one proceeding in the bankruptcy court," MacArthur Co. v. Johns-Manville Corp., 837 F.2d at 93. Were it not for the Preliminary Injunction, there would ensue a chaotic rush to the courthouse—or rather, multiple courthouses—of those seeking assets that the trustee claims are properly part of the BLMIS estate. This would run counter to SIPA's objective of furthering "the prompt and orderly liquidation of SIPC members." H.R. Rep. No. 91–1613 (1970), reprinted in 1970 U.S.C.C.A.N. 5254, 5262. Moreover, the Third-Party Actions would have an "immediate adverse economic consequence for the debtor's estate" if allowed to proceed, Queenie, Ltd. v. Nygard Int'l, 321 F.3d at 287, inasmuch as, if successful, they would draw down assets almost all of which could otherwise be expected to return to the BLMIS estate as a consequence of the Trustee's fraudulent transfer action. Injunctive relief was therefore properly granted to avoid impeding the SIPA liquidation.

5

2.      Automatic Stay

Neither party has identified any present interest in the enforcement or vacatur of the § 362 stay given affirmance of the Preliminary Injunction.  In such circumstances, and because a  number of cases are pending before this court in which the breadth of the automatic stay is contested,[1] we here decide not to delay prompt resolution of this appeal pending decisions in these cases.  We decline to adjudicate the appeal from the stay and dismiss that part of the appeal as moot, without prejudice to renewal if new circumstances arise that give consequence to the survival of the stay order.

3.      Conclusion

We have considered Appellants' other arguments and conclude that they are without merit in challenging the Preliminary Injunction.  Accordingly, the judgment of the district court is AFFIRMED as to the Preliminary Injunction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1]See Picard v. JPMorgan Chase & Co. (In Re: Bernard L. Madoff Investment Securities LLC.), No. 11-5044-bk; Picard v. UBS Fund Servs. (Luxembourg) SA (In Re: Bernard L. Madoff Investment Securities LLC.), No. 11-5051-bk; Picard v. HSBC Bank PLC, No. 11-5175-bk; Picard v. HSBC Bank plc (In Re: Bernard L. Madoff Investment Securities LLC.), No. 11-5207-bk; and Marshall v. Picard (In Re: Bernard L. Madoff), Nos. 12-1645-bk(L), 12-1646-bk(CON), 12-1651-bk(CON), 12-1669-bk(CON), 12-1703-bk(CON).